UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                     Cr. Case No. 08-20349

Kenneth Irwin Smith,                       Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Defendant Kenneth Irwin Smith ("Smith" or "Defendant") is currently charged in an Indictment with possession with intent to distribute 50 grams or more of cocaine base. The matter is currently before the Court on Defendant's Motion to Suppress Evidence, wherein he asks the Court to suppress evidence seized during a warrantless traffic stop involving his vehicle on February 26, 2008. Defendant contends that the "initial stop and detention of Defendant was illegal because it was done without probable cause that a civil infraction had occurred." (Def.'s Motion at ¶ 5). The parties have briefed the issues and the Court held an evidentiary hearing on this motion on December 9, 2008. For the reasons set forth below, the Court shall DENY the motion.

### BACKGROUND

It is undisputed that on February 26, 2008, Sergeant Patrick Moore ("Moore") and Trooper Wayne Patrick Barriga ("Barriga"), of the Michigan State Police, stopped Defendant's vehicle in Flint, Michigan.

The Government states that the officers pulled Defendant's vehicle over after observing

the vehicle fail to come to a complete stop at a stop sign located on the corner of Jackson and Chevrolet Streets, and failing to use a turn signal before turning. The Government further contends that after making contact with the driver of the vehicle (Defendant), the officers detected the odor of marijuana. When the officers asked for Defendant's driver's license, Defendant provided a Michigan State identification card and advised that his driver's license was suspended. Defendant was arrested for driving with a suspended license. Defendant was searched incident to the arrest, and the officers seized more than 100 grams of crack cocaine and $1,974.00 in cash. The indictment in this case followed.

The Court held an evidentiary hearing on this motion on December 9, 2008. At that time, the Government presented two witnesses, Moore and Barriga, who were also cross-examined by Defense counsel. Moore and Barriga both testified that they observed Defendant's vehicle turn without activating his turn signal, and fail to come to a complete stop at the stop sign, at the intersection of Jackson and Chevrolet Streets.

Defense Counsel presented one witness, Defendant, who was also cross-examined by the Government. Defendant testified that, at the intersection of Jackson and Chevrolet Streets, he activated his turn signal prior to turning and came to a complete stop at the stop sign.

For purposes of this motion, the Court makes the following factual findings from the testimony given at the evidentiary hearing.

## FINDINGS OF FACT

The Court finds both Barriga and Moore to be highly credible witnesses, and fully credits their testimony given at the hearing.

Barriga has been employed by the Michigan State Police for 23 years and he is currently

assigned to the Flint, Michigan post. On February 26, 2008, Barriga was working with Moore. The two officers were riding in a fully marked patrol car.

At approximately 1:40 a.m., Barriga and Moore were driving on Dupont Street in Flint, Michigan. The officers both observed a northbound vehicle on Dupont Street that hit its brakes rather hard and then make a quick left turn on Jackson Street. The vehicle was a white, Chevy Tahoe ("the Tahoe"). The manner in which the vehicle turned gave both officers the impression that the vehicle was seeking to avoid the patrol car.

The officers then turned on Dartmouth, proceeding on a path parallel to the Tahoe. The officers then turned southbound on Chevrolet Street. The officers then observed the Tahoe approach the intersection of Chevrolet and Jackson. Both Barriga and Moore observed the Tahoe fail to come to a complete stop at the stop sign located at the intersection of Chevrolet and Jackson. The officers also observed the Tahoe turn at the intersection, without having activated its turn signal. After observing those traffic violations, the officers activated the lights on their patrol car and pulled the Tahoe over.

Moore exited the patrol car and approached the Tahoe. Moore made contact with Defendant, who was the driver of the Tahoe. Upon approaching Defendant, Moore observed the smell of marijuana. When Moore asked Defendant for his driver's license, Defendant handed Moore a Michigan state identification card. Defendant then acknowledged that his driver's license was suspended. After Moore confirmed that Defendant's driver's license was in fact suspended, Defendant was arrested for driving on a suspended license.

Moore conducted a search of Defendant's person incident to his arrest. Moore located a bag of marijuana in Defendant's front coat pocket. Defendant also had approximately $1,674.00

in cash. Finally, Moore found crack cocaine inside of Defendant's pants, in between the top of Defendant's buttocks.

ANALYSIS

On October 15, 2008, Defendant filed the instant Motion to Suppress Evidence. Defendant's motion asserts that "[t]he initial stop and detention of Defendant was illegal because it was done without probable cause that a civil infraction had occurred and without reasonable suspicion that any criminal activity had occurred." (Def.'s Motion at ¶ 5). Defendant contends that to justify a stop based upon such a civil infraction the police must have probable cause. Defendant's motion anticipated that the Government would take the position that the stop was justified because Defendant's vehicle was observed failing to stop and turning without signaling. Defendant states that he "denies that this was a legitimate basis for the stop." (Def.'s Br. at 4). Thus, Defendant asserts that no probable cause existed because Defendant did not, in fact, fail to stop his vehicle at the stop sign in question or fail to use his turn signal.

The Government agrees that the officers must have had probable cause to stop Defendant's vehicle. (Government's Resp. at 2)("A police officer may lawfully stop a car provided the officer has probable cause to believe that a civil infraction has been committed."). The Government contends that failing to come to a complete stop at a stop sign, and failing to use a turn signal, are valid civil infractions[1] and has cited the statutes at issue. The Government contends that the testimony of Barriga and Moore establishes that the officers had probable cause to Stop Defendant's vehicle.

As counsel appeared to acknowledge at the hearing, this motion boils down to a

---

[1] Defendant has not contested the validity of the civil infractions cited by the Government.

credibility determination for the Court as to whether or not Defendant, in fact, turned without activating his turn signal, and failed to come to a complete stop, at the intersection of Chevrolet and Jackson Streets. As stated *supra,* the Court finds the testimony of Barriga and Moore to be highly credible and finds that the officers observed Defendant's vehicle turn without activating his turn signal, and fail to come to a complete stop at the stop sign, at the intersection of Chevrolet and Jackson Streets. The Court therefore concludes that the officers had probable cause to stop the vehicle and shall deny the motion.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's Motion to Suppress Evidence is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager