UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                           Cr. Case No. 08-20349

Kenneth Irwin Smith,                           Honorable Sean F. Cox

    Defendant.
_____/

**<u>ORDER DENYING</u>**
**<u>DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

    Defendant Kenneth Irwin Smith ("Smith" or "Defendant") is currently charged in an Indictment with possession with intent to distribute 50 grams or more of cocaine base. Defendant filed a Motion to Suppress Evidence, wherein he asked the Court to suppress evidence seized during a warrantless traffic stop involving his vehicle on February 26, 2008. After full briefing by the parties and an evidentiary hearing, the Court denied the motion in an Opinion & Order dated December 12, 2007. On December 31, 2007, Defendant filed the instant Motion for Reconsideration wherein he asks the Court to reconsider its Opinion & Order denying his Motion to Suppress Evidence. For the reasons set forth below, Defendant's Motion for Reconsideration shall be denied.

    Pursuant to Local Criminal Rule 12.1(a), "[m]otions in criminal cases shall be filed in accordance with the procedures set forth in LR 7.1." Local Rule 7.1(g) provides that a motion for reconsideration should only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must

result from a correction of such a palpable defect.  L.R. 7.1(g).   Local Rule 7.1(g) further provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

Defendant's motion fails to meet these requirements.  The arguments presented in Defendant's motion are essentially the same arguments previously presented by Defense Counsel.  Defendant contends that there are inconsistencies in the officers' testimony as to certain events that occurred on the night in question.  For example, Defendant contends that there are inconsistencies in the officers' testimony as to whether or not the officers had conducted a stop of some unrelated persons earlier that same night.  As even Defendant acknowledges, however, many of the alleged inconsistencies are not related to the narrow issue before the Court – whether the officers observed Defendant commit a civil infraction before stopping his vehicle on the night in question.

The remaining arguments made by Defendant relate to whether or not the officers could have observed Defendant's failure to activate his turn signal from their vantage point at the scene.  In denying Defendant's motion, however, this Court found that the officers observed Defendant's vehicle commit two separate and distinct civil infractions prior to pulling Defendant over: 1) failing to come to a complete stop at a stop sign; and 2) failing to activate his turn signal prior to turning.  Assuming *arguendo* that Defendant could establish that he did not fail to activate his turn signal prior to turning, that would not disturb this Court's finding that the

officers observed the vehicle fail to come to a complete stop before pulling the vehicle over.

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 7, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2009, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager