## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    No. 08-20349

        Plaintiff,                          Hon. Linda V. Parker

-vs-

KENNETH IRWIN SMITH,

        Defendant.

_____/

## <u>MOTION TO VACATE AND CORRECT</u>
## <u>SENTENCE PURSUANT TO 28 USC 2255</u>

Kenneth Irwin Smith, by his attorney, Joan E. Morgan, says in support of this motion:

1.     Mr. Smith was convicted by plea of: Possession with intent to Distribute Cocaine Base, 21 USC 841(a)(1). He was sentenced to a term of 211 months imprisonment. His sentence was pursuant to the Career Offender guidelines, USSG 4B1.1 and 4B1.2. Judgment was entered on June 19, 2009, and an Amended Judgment was entered on March 24, 2015 at which time Mr. Smith was sentenced to 211 months (R 32). The Career Offender enhancement was based on two prior convictions: a 1996 Kentucky trafficking in a controlled substance offense and 2002 Fleeing and Eluding. The fleeing and eluding conviction no longer qualifies as a predicate crime of violence under the Career Offender guidelines.

2.      In his Rule 11 plea agreement, the parties set forth their disagreement about whether Mr. Smith was a Career Offender (R18 at Page 2, Pg ID 164). The Court found that he was, and imposed sentence.

3.      The Supreme Court decided *Johnson v United States,* __US__, 135 SCt 2551, 2557 (2015), vacating the residual clause of ACCA, 18 USC 924 (e)(2)(B)(ii), as being void for vagueness. It follows from *Johnson* that the identically worded residual clause in the career offender provision is also void for vagueness. Thus, Mr. Smith can no longer be a Career Offender unless both of his prior convictions fall within the "enumerated offenses" or "elements" clause of the Career Offender guidelines.

4.      The *Johnson* decision, issued on June 26, 2015, opens a one year window under 28 USC 2255(f) from the date on which the right asserted was recognized by the Supreme Court. The Court's recent decision in *Welch v United States*, __US__, 2016 WL 1551144 (2016) made *Johnson* retroactively applicable to cases on collateral review. Based on these decisions, Mr. Smith is being unconstitutionally held, in violation of the Due Process Clause of the Constitution.

5.      The Sixth Circuit has ruled that *Johnson* is applicable to Career Offender cases in *United States v Darden*, 605 Fed Appx 545, 545-46 (6th Cir 2015).

6.      The *Johnson* decision applies to Mr. Smith's case and relief in the form of resentencing should be granted to him. The significance of this issue is that, absent

a Career Offender enhancement, Mr. Smith's sentencing guidelines range would have been significantly less than that which he was sentenced to, and he would be eligible for release in the very near future.

     For the reasons set forth above, Kenneth Smith requests that the Court grant this motion and order his resentencing.

                         Respectfully submitted,

                         s/Joan E. Morgan
                         Federal Defender Office
                         Attorney for Defendant
                         105 Paterson Building
                         653 South Saginaw Street
                         Flint, Michigan 48502
                         (810) 232-3600
                         joan_morgan@fd.org
                         (P34482)

Dated:   April 29, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,                     No. 08-20349

          Plaintiff,                              Hon. Linda V. Parker

-vs-

KENNETH IRWIN SMITH,

          Defendant.

_____/

## BRIEF IN SUPPORT OF MOTION TO VACATE AND CORRECT

## SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Kenneth Irwin Smith, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On June 19, 2009 this Court sentenced Mr. Smith to a term of 262 months' imprisonment after finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 The Court found Mr. Smith to be a career offender after adopting the finding of the presentence report that he had at least two qualifying prior convictions that supported the career offender enhancement.   He was resentenced on March 15, 2015 to 211 months.

4

In light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Smith is no longer a career offender because his prior conviction for fleeing and eluding no longer qualifies as a "crime of violence."

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  135 S. Ct. 2551, 2557 (2015).   It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.   Thus, the only remaining question here is whether Mr. Smith's prior conviction qualifies as a "crime of violence" under the "enumerated offenses" clause or "elements" clause of the career offender provision (U.S.S.G. § 4B1.2(a)).   It does not qualify as a "crime of violence" under the enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense.   Likewise, it does not qualify as a "crime of violence" under the elements clause because it 1) does not have as an element the use, attempted use, or threat of violent physical force, and 2) it does not require the *intentional* use, attempted use, or threatened use of violent physical force.

Hence, Mr. Smith does not qualify as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

Mr. Smith's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*—a ruling which

established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Smith respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

As grounds for this motion, Mr. Smith states as follows:

### STATEMENT OF FACTS

On January 16, 2009, Mr. Smith pleaded guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 USC 841(a)(1).    On June 19, 2009, this Court sentenced Mr. Smith to 262 months (later amended to 211 months).    The Court found Mr. Smith to be a career offender after adopting the finding of the presentence report that he had at least two prior convictions that qualified as either "crimes of violence" or "controlled substance offenses" necessary to support a career offender enhancement.   Specifically, the Court found that Mr. Smith's conviction for fleeing and eluding qualified as a "crime of violence" under the career offender provision.

The Court's application of the career offender enhancement subjected Mr. Smith to a Sentencing Guidelines range of 262-327 months imprisonment (corresponding to offense level 34 and criminal history category VI).    The Court sentenced Mr. Smith to 262 months' imprisonment.   Without a career offender finding, Mr. Smith's Guidelines range would have been 130 to 162 months' imprisonment (offense level 27, criminal history category VI).

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551.   The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause.   Under *Johnson*, the identical residual clause in the career offender guideline is also void for vagueness.   Thus, Mr. Smith's prior conviction no longer qualifies as a "crime of violence," and Mr. Smith is not a career offender.

**ARGUMENT**

**I.     IN LIGHT OF *JOHNSON*, Mr. Smith DOES NOT QUALIFY AS A CAREER OFFENDER.**

A defendant is subject to the career offender guideline if his instant federal offense of conviction is either a "crime of violence" or a "controlled substance offense," and he has at least two such prior convictions.   U.S.S.G. § 4B1.1.   An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

(1)     has as an element the use, attempted use, or threatened use of physical force against the   person of another [known as the elements clause]; or

(2)     is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause].

U.S.S.G. § 4B1.2(a) (emphasis added).

The Supreme Court held in *Johnson* that ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which is identical to the residual clause referenced above, was unconstitutionally void for vagueness in all applications.   It follows from *Johnson* that the identical residual clause in the Guidelines is also void for vagueness. Therefore, an offense can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or satisfies the elements clause.   Mr. Smith's conviction does not qualify as one of the enumerated offenses, nor does it satisfy the elements clause. Therefore, Mr. Smith is no longer a career offender.

## A.    *Johnson* **renders the career offender residual clause void for vagueness**.

Mr. Smith's offense for fleeing and eluding cannot qualify under § 4B1.1(a)(2)'s residual clause, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," because that clause is void for vagueness.   In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)) to be "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.   Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.*   The Court held the residual clause is "vague in all its applications," *id.* at 2561,

8

and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4B1.2(a)(2)'s residual clause. The career offender guideline's residual clause was adopted from and repeats the ACCA's residual clause verbatim. [1] Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Sixth Circuit (and every other circuit) interprets the clauses identically. See *United States v. Willings*, 588 F.3d 56, 58 n.2 (1st Cir. 2009) ("[T]he terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other."); *United States v. Mead*, 773 F.3d 429, 432 (2d Cir. 2014) ("In interpreting the reach of § 4B1.2(a)(2)'s residual clause, we employ a categorical approach, with an eye to case law interpreting an identical clause in the ACCA that defines 'violent felony.'"); *Royce v. Hahn*, 151 F.3d 116, 120 (3d Cir. 1998) ("crime of violence" and "violent felony" "should be read consistently with each other"); *United States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc) ("We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent felony under the ACCA"); *United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents

---

[1]  *See* U.S.S.G., App. C, Amend. 268 (1989).

addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act . . . as the two terms are defined in a substantively identical manner") (internal quotation marks and citation omitted); *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011) ("Because of the similarities between . . . 4B1.2(a) . . . and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably."); *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) ("[W]e analyze a crime of violence under the career-offender guideline just as we do a 'violent felony' under the Armed Career Criminal Act (ACCA)"); *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010) ("We interpret coterminously the ACCA and the career offender § 4B1.1 provision."); *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) ("[W]e construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding . . . residual clauses."); *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("[B]ecause the language of both the ACCA and the [career offender] Guideline adopt the same 'serious risk of injury' test . . . the definitions should be interpreted similarly."); *United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015) (because "[t]he 'crime of violence' definition set forth in the career-offender guideline, § 4B1.2, is virtually identical to the definition of 'violent felony' contained in the Armed Career Criminal Act (ACCA)[,] . . . [o]ur approach [] is

guided by a line of Supreme Court cases interpreting the scope of § 924(e)(2)(B)")
(citations omitted); *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010)
("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme
Court's opinions applying the ACCA . . . for guidance in considering whether an
offense qualifies as a crime of violence under the Sentencing Guidelines."); *In re
Sealed Case*, 548 F.3d 1085, 1089 (D.C. Cir. 2008) ("As this language mirrors the
definition of a 'violent felony' under the Armed Career Criminal Act (ACCA), 18
U.S.C. § 924(e)(2)(B)(i), we apply the ACCA standard to determine whether an
offense qualifies as a crime of violence under section 4B1.2.").]   In this very
context, the courts of appeals have treated the Supreme Court's rejection of
suggestions that the ACCA's residual clause was unconstitutionally vague in *James*
and *Sykes* as binding authority foreclosing any vagueness challenge to the
Guidelines' residual clause.[2]

---

[2]   *See, e.g.*, *United States v. Ramirez*, 708 F.3d 295, 307 n.13 (1st Cir. 2013) (rejecting vagueness challenge
to the guidelines' residual clause in light of *James*); *United States v. Van Mead*, 773 F.3d 429, 438 n.7 (2d
Cir. 2014) (Supreme Court "implicitly repudiated" any argument that the guidelines' residual clause was
void for vagueness); *United States v. Mobley*, 687 F.3d 625, 632 n.7 (4th Cir. 2012) (vagueness challenge
to Guidelines' residual clause must be rejected because "the Supreme Court has already determined that
the residual clause . . . constitutes an intelligible principle [that] provides guidance that allows a person to
conform his or her conduct to the law.") (internal quotations omitted); *United States v. Cowan*, 696 F.3d
706, 708 (8th Cir. 2012) ("based on Supreme Court precedent in *James* and *Sykes*, we conclude that
Cowan's argument that § 4B1.2 is unconstitutionally vague necessarily fails"); *United States v. Spencer*,
724 F.3d 1133, 1137-78 (9th Cir. 2013) (claim that § 4B1.2(a)'s residual clause is unconstitutionally vague
"foreclosed by Supreme Court precedent [in *James* and *Sykes*]"); *See United States v. Orona*, 724 F.3d
1297, 1311 (10th Cir. 2013) (holding the residual clause not impermissibly vague based on the "[Supreme]
Court's consistent rejection of [the] vagueness argument [in *James* and *Sykes*] and the unanimous
conclusion of our sibling circuits"); *United States v. Travis*, 747 F.3d 1312, 1314 n.1 (11th Cir. 2014)
(vagueness challenge to guidelines' residual clause foreclosed by binding precedent" in *James*).

Indeed, the Court in *Johnson* relied on four lower court decisions interpreting § 4B1.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause."   *See* 135 S. Ct. at 2559-60 (analyzing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).   And the Court granted certiorari, vacated and remanded (GVR) seventeen lower court decisions in which defendants were sentenced under § 4B1.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson*.[3]

The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines.[4]   As the Tenth Circuit

---

[3]   The GVRs include fifteen career offender cases*, see Caldwell v. United States,* 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*, 136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Richardson v. United States*, No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States*, No. 15-7189, 2016 WL 1173109 (S. Ct. Mar. 28, 2016); *Jeffries v. United States*, No 15-7300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (§ 2255 motion); *Denson v. United States*, 135 S. Ct. 2931 (2015) (§ 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States*, 136 S. Ct. 333 (2015) (§ 2255 motion);   *Wynn v. United States*, 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, *see Talmore v. United States*, 135 S. Ct. 2937 (2015); and one § 7B1.1 case, *see Cooper v. United States*, 135 S. Ct. 2938 (2015).

[4]   *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Collins*, 799 F.3d 554, 596 (6th Cir. 2015); *United States v. Harbin*, 610 F. App'x 562, 563 (6th Cir. July 6, 2015); *United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. July 6, 2015); *United States v. Townsend,* __ F. App'x __, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

explained, "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."[5]   The First, Fifth, and Ninth Circuits have applied *Johnson* to the Guidelines' residual clause based on the government's concession that it is unconstitutionally vague, and remanded for resentencing absent the unconstitutional residual clause.[6]   Consistent with these decisions, the Fourth Circuit has assumed that *Johnson* invalidates the Guidelines residual clause.[7]   The Seventh and Eighth Circuits, the only two circuits that previously held that the Guidelines were not subject to a vagueness challenge, are poised to reject those holdings, and have assumed in the meantime that those decisions are no longer good law after *Johnson*.[8]

---

[5]   *Madrid*, 805 F.3d at 1211.

[6]   *United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v. Benavides*, 617 F. App'x 790, 790 (9th Cir. 2015); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015).

[7]   *United States v. Tucker*, __ F. App'x __, 2016 WL 212502, at *1 (4th Cir. Jan. 19, 2016) (affirming because even without the prior offense upon which the sentencing court relied, the defendant had been convicted of a drug offense that qualified as a crime of violence).

[8]   The Eighth Circuit explained that its "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*," but left for the district court to decide in the first instance on remand whether the guidelines' residual clause is unconstitutional. *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) (citing *Wivell v. United States*, 893 F.2d 156, 159 (8th Cir. 1990)).   The Seventh Circuit has assumed "that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2." *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015).   It heard oral argument on December 2, 2015 in three cases in which the parties agree that *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), which held that the guidelines cannot be unconstitutionally vague, is no longer good law in light of *Johnson*.   *United States v. Gillespie*, No. 15-1686; *United States v. Hurlburt*, No. 14-3611; *United States v. Rollins*, No. 13-1731. The government argues in these cases that "the identical language [in § 4B1.2] is unconstitutionally vague under *Johnson*," that *Johnson* "rejected" *Tichenor's* view that sentencing provisions are not subject to vagueness challenges, and that *Peugh v. United States*, 133 S. Ct. 2072 (2013) "repudiated" its view that

13

Only the Eleventh Circuit has held otherwise, and directed district courts to "still adhere" to decisions overruled by the Supreme Court in *Johnson*, *see United States v. Matchett*, 802 F.3d. 1185, 1195-96 (11th Cir. 2015), notwithstanding that those decisions "have proved to be anything but evenhanded, predictable, or consistent," *Johnson*, 135 S. Ct. at 2563, and "do[] not comport with the Constitution's guarantee of due process," *id*. at 2560.

The Department of Justice has argued across the country that *Johnson* applies to the residual clause.  In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the government conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline, § 4B1.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[9]  United States Attorneys' Offices across the country have followed suit.[10]  Thus, Mr. Smith's conviction no longer

---

the advisory guidelines do not have legal force.  Brief of Plaintiff-Appellee at 9, 13-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

[9]   *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015).   In addition to the career offender Guideline, the Department of Justice concedes that *Johnson* applies to U.S.S.G. §§ 2K1.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2S1.1 & cmt. n.1 (money laundering); 4A1.1(e), 4A1.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release).  Id. at 6.

[10]   *See* Resp. Brief of the United States at 38, *In re Hubbard*, No. 15-276 (4th Cir. Dec. 21, 2015) ("*Johnson*'s holding that the ACCA residual clause is invalid applies to the identically worded residual clause in the [] career offender guideline"); Brief of the United States, at 38, *Lee v. United States*, No. 15-6099 (4th Cir. Dec. 23, 2015) ("*Johnson* applies to the career offender guideline's residual clause"); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at

qualifies as a "crime of violence" under the now-void residual clause.

**B.     Mr. Smith's conviction does not qualify as a "crime of violence" under the elements clause.**

**The categorical approach applies in determining whether a conviction qualifies as a "crime of violence" under the elements clause**

In determining whether an offense for fleeing and eluding qualifies as a "crime of violence" under the elements clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v Priddy*, 808 F3d 676, 683 (6th Cir 2015). *United States v. Royal*, 731 F.3d 333, 341-41 (4th Cir. 2013). This approach requires that courts "look only to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *United States v Davis*, 751 F3d 769, 777 (6th Cir 2014); *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citation omitted); *Royal*, 731 F.3d at 341-42 . In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal

3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015); United States' Unopposed Motion to Remand for Resentencing in Light of *Johnson*, at 8-12, *United States v. Estrada,* No. 15-40264 (5th Cir. Oct. 8, 2015).

conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence" definition.   *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).   If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." *United States v Amos,* 501 F3d 524, 527 (6th Cir 2007) (under the categorical approach, the court "must consider the least objectionable conduct that would violate the statute" and determine whether that conduct constitutes a violent offense).

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the   elements clause, the offense must have as an element the use, attempted use, or threatened use of   "physical force" against another person.   U.S.S.G. § 4B1.2(a)(1).    And "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person."   *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

As further detailed below, Mr. Smith's conviction for fleeing and eluding categorically fails to qualify as a career offender predicate.

**C.    Fleeing and eluding   fails to qualify as a "crime of violence" because it does not contain an element   of violent physical force against another person**

Fleeing and Eluding Third Degree is set forth at MCLA 750.479a, which states:

(1) An operator of a motor vehicle or vessel who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the operator to bring his or her motor vehicle or vessel to a stop shall not willfully fail to obey that direction by increasing the speed of the vehicle or vessel, extinguishing the lights of the vehicle or vessel, or otherwise attempting to flee or elude the police or conservation officer. This subsection does not apply unless the police or conservation officer giving the signal is in uniform and the officer's vehicle or vessel is identified as an official police or department of natural resources vehicle or vessel.
(2) Except as provided in subsection (3), (4), or (5), an individual who violates subsection (1) is guilty of fourth-degree fleeing and eluding, a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
(3) Except as provided in subsection (4) or (5), an individual who violates subsection (1) is guilty of third-degree fleeing and eluding, a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both, if 1 or more of the following circumstances apply:
(a) The violation results in a collision or accident.
(b) For a motor vehicle, a portion of the violation occurred in an area where the speed limit is 35 miles an hour or less, whether that speed limit is posted or imposed as a matter of law or, for a vessel, a portion of the violation occurred in an area designated as "slow--no wake", "no wake", or "restricted" whether the area is posted or created by law or administrative rule.

Six elements are necessary to establish third-degree fleeing and eluding: (1) a law enforcement officer must have been in uniform and performing his lawful duties and his vehicle must have been adequately identified as a law enforcement vehicle; (2) the defendant must have been driving a motor vehicle; (3) the officer, with his hand, voice, siren, or emergency lights must have ordered defendant to stop; (4) the defendant must have been aware that he had been ordered to stop; (5) the defendant must have refused to obey order by trying to flee from officer or avoid being caught,

17

and (6) some portion of the violation must have taken place in an area where speed limit was 35 miles an hour or less, the defendant's conduct must have resulted in an accident or collision, or the defendant must have been previously convicted of certain prior violations. *People v. Grayer*, 235 Mich.App. 737 (1999). The statute does not prohibit violent, forceful conduct and cannot be considered a violent felony.

## II.    Mr. Smith's claim is cognizable under § 2255(a).

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a).   Mr. Smith's [XX]-month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."  *Johnson*, 135 S. Ct. at 2563.   As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in U.S.S.G. § 4B1.2(a). Thus, Mr. Smith's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required.   Because Mr. Smith's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply.   Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental

defect which inherently results in a complete miscarriage of justice" in order to be cognizable.  *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

A claim based on *Johnson*, in contrast, is constitutional and therefore cognizable in a Guidelines case.  *See Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014) (although an erroneous determination of an advisory guideline range "generally [is] not cognizable on a § 2255 motion," relief "is available" for "an error of constitutional . . . magnitude"); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that "fundamental defect" standard does not apply to constitutional or jurisdictional error); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a

claim that a defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to errors of statutory interpretation, "*Johnson* involved a claim of constitutional error").

Because constitutional claims are always cognizable, and *Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause, Mr. Smith's *Johnson* claim is cognizable.

**III.   *Johnson* applies retroactively on collateral review.**

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive."   *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).   The Supreme Court held in *Welch v. United States*, 2016 WL 1551144 (Apr. 18, 2016), that the new rule announced in *Johnson* is substantive and thus retroactive to cases on collateral review.

First, "[i]t is undisputed that *Johnson* announced a new rule."   *Welch*, 2016 WL 1551144, at *7 (citing *Teague*, 489 U.S. at 301) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015)("*Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir.

2015) (same).

Second, the Supreme Court held that *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review." *Welch*, 2016 WL 1551144, at *11. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id*. at *8, which "depends [] on whether the new rule *itself* has a procedural function or a substantive function— that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id*. at *9 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id*. at *7 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Id*. at *7 (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the

21

Armed Career Criminal Act," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied."  *Id*. at *8.

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases.   In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked.   The Court framed the question as whether the "new *rule* falls within one of the two *categories* that have retroactive effect under *Teague*," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure," *Welch*,   2016 WL 1551144, at *6-7 (internal citations and quotation marks omitted) (emphases added).   Accordingly, the substantive *rule* announced in *Johnson* is categorically retroactive to all cases in which it applies,[11] and, as demonstrated above, *Johnson* applies to the Guidelines. That *Johnson* applies retroactively to both ACCA and Guidelines cases on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in five cases involving collateral attacks where the prisoner was

---

[11]   *See Davis v. United States*, 564 U.S. 229, 243 (2011) (retroactivity is a "categorical matter"); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings."). *In Teague v. Lane*, 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants.   *Id*. at 316.   Defendants are "similarly situated" when they are at the same stage of the proceedings and rely on the same new rule.   *Id*. at 315.

sentenced under the Guidelines.[12]

Indeed, every court of appeals that has decided the issue has held that new rules that narrow the ACCA's definition of "violent felony" by interpreting its terms apply retroactively to Guidelines cases on collateral review. *See United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a certain category of punishment for a class of defendants because of their status or offenses,'" and thus apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir. 2013) (same); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that decision limiting the definition of burglary under the ACCA is substantive because "it altered the conduct that substantively qualifies as  burglary," and thus applies retroactively in Guidelines cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) (taking it "as a given, that the Supreme

---

[12]  *See Jones v. United States,* 136 S. Ct. 333 (2015) (vacating *Jones v. United States*, 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of § 2255 motion))*; Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (same)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)).

Court's" decision narrowing the ACCA's elements clause "is retroactively applicable" in Guidelines cases).[13]

The courts of appeals have followed the same approach regarding the rule announced in *Johnson*.   The Seventh Circuit held in an ACCA case that by "prohibit[ing] 'a certain category of punishment for a class of defendants because of their status,'" *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), and has since authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive."   *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015). The Sixth Circuit also held in an ACCA case that *Johnson* announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), and has since authorized second or

---

[13]   *Cf. United States v. McLamb*, 1996 WL 79438, at *3 n.4 (4th Cir. 1996) ("*Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline."); *Oliver v. United States*, 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana plants was "not barred by *Teague*" because it did not announce a "rule of criminal procedure").

successive § 2255 motions in Career Offender cases because *Johnson* announced "a new, retroactively applicable, rule of constitutional law."   *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir., March 7, 2016); *see also In re Swain*, No. 15-2040, slip op. at 3-4 (6th Cir. Feb. 22, 2016); *In re Homrich*, No. 15-1999, slip op. at 2-3 (6th Cir. March 28, 2016).   And the Eleventh Circuit held in a Guidelines case that *Johnson* is substantive because "it narrowed the scope of section 924(e) by interpreting its terms" and "narrowed the class of people who are eligible for an increased sentence under the [ACCA]," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (internal citations and punctuation omitted), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id*. at 991.[14]

   *Johnson* applies retroactively to ACCA and Guidelines cases alike and therefore to this case.

## IV.    This motion is timely under 28 U.S.C. § 2255(f)(3).

   This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[14]   The Eleventh Circuit held, however, that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion, *id*. at 989-90, a decision that the Supreme Court overturned in *Welch* when it explicitly held that *Johnson* is retroactive.

review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Smith filed his claim within a year of that date.   As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

For the reasons set forth above, Mr. Smith respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without application of the career offender provision.

Respectfully submitted,

s/Joan E. Morgan
Federal Defender Office
Attorney for Defendant
105 Paterson Building
653 South Saginaw Street
Flint, Michigan 48502
(810) 232-3600
joan_morgan@fd.org
(P34482)

Dated:   April 29, 2016

<u>**CERTIFICATE OF SERVICE**</u>

On April 29, 2016, I electronically filed the foregoing document using the

ECF system which will send notification of such filing to AUSA Craig Wininger.


<u>s/Joan E. Morgan</u>