UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KENNETH IRWIN SMITH,

        Defendant.

CASE NO. 08-20349

HON. LINDA V. PARKER
United States District Judge

---

STIPULATION REGARDING
DEFENDANT'S MOTION FOR A REDUCED SENTENCE (ECF # 74) and
DEFENDANT'S LETTER REQUESTS FOR RELEASE (ECFs # 65 & 68)

---

In light of the Sixth Circuit's recent decision, *United States v. Martin*, Case No 19-3905, 2020 WL 3251021 (6th Cir. June 16, 2020), the parties stipulate and agree as follows.

### BACKGROUND

On July 7, 2008, a single-count indictment was returned against Smith charging him with possession with intent to distribute more than 50 grams of cocaine base (crack cocaine).  (ECF No. 3).  On November 14, 2008, a penalty enhancement information was filed pursuant to 21 U.S.C. § 851 which increased defendant's statutory mandatory sentence to Life imprisonment.  The parties entered into a Rule 11 Plea Agreement which provided that defendant would plead guilty to the charge in the Indictment.  The parties stipulated that the count of

conviction involved 121 grams of crack cocaine. The government agreed to amend the notice of penalty enhancement pursuant to 21 U.S.C. § 851 to reflect only one prior felony drug conviction which decreased defendant's statutory sentence to 20 years to life, pursuant to 21 U.S.C. § 841(b)(1)(A). (ECF No. 34 & 37). The statutory minimum term of supervised release was lowered to 10 years.

Because Smith had two prior qualifying convictions for controlled substance offenses, he was classified as a career offender under U.S.S.G. § 4B1.1, and his offense level was 37. With a three-level reduction for acceptance of responsibility, Smith's total offense level was 34 with a criminal history category VI, resulting in a guideline range of 262 to 327 months.

At the sentencing hearing on April 9, 2008, the Court adopted the guideline range in the presentence report and imposed a custodial sentence of 262 months to be followed by 10 years of supervised release. An amended judgment was entered on March 24, 2015 reducing defendant's sentence to 210 months' imprisonment.

Defendant is currently an inmate in the custody of the federal Bureau of Prisons. He has a scheduled release date of August 24, 2023.

## APPLICATION OF THE FIRST STEP ACT

The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed

before August 3, 2010." The Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Under the Fair Sentencing Act, which now applies in this case, an offense involving less than 280 grams but more than 28 grams of crack has a statutory mandatory minimum penalty of 5 years and a maximum sentence of 40 years, which is increased to a minimum of 10 years and a maximum of life if the defendant has a prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(B). Defendant's offense of conviction meets the definition of a "covered offense" from Section 404(a) and the Court is therefore authorized to impose a reduced sentence in this case.

## RESENTENCING

The parties agree that the Court has discretion to reduce defendant's sentence. Applying current guidelines defendant is no longer qualifies as a career offender. Defendant is accountable for 144.6 grams of cocaine base, 12.05 grams of powder cocaine and 19.6 grams of marijuana which results in an offense level of 23 after a 3 level reduction for acceptance of responsibility. Defendant is a criminal history category VI which yields a sentencing guideline range of 92 to 115 months. The parties agree that the statutory mandatory minimum sentence in this case is 120 months the applicable guideline range becomes 120 months.

Defendant has been in custody since July 7, 2008 and has served 170 months. Adjusted for good-time, defense counsel has calculated defendant's sentence to be the equivalent of a 201-months term of imprisonment. The parties recommend that the court reduce defendant's sentence to time-served.

## DEFENDNAT'S PRO SE LETTERS

Defendant has submitted two handwritten letters to the Court that were filed on April 22, (ECF No. 65) and June 5, 2020 (ECF No. 68). To the extent that the Court construes defendant's letters as a motion arguing new grounds for release, the parties agree as follows. If the Court grants defendant's motion for a sentencing reduction pursuant to Section 404 of the First Step Act and reduces his sentence to time-served as recommended by the parties, any further claim for release is moot.

If the Court decides not to resentence defendant as recommended by the parties in this stipulation, it is agreed that the government shall have an additional 7 days after the Court rules on defendant's First Step Act motion to respond to defendant's pro se requests for release.

## CONCLUSION

Defendant's motion for imposition of a reduced sentence pursuant to Section 404 of the First Step Act should be granted. The parties recommend that defendant sentence be reduced to time-served.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

| | |
|---|---|
| s/ NANCY A. ABRAHAM | s/ANDREW N. WISE |
| Assistant United States Attorney | Attorney for Defendant |
| 600 Church Street, 2nd Floor | 613 Abbott, Suite 500 |
| Flint, Michigan 48502 | Detroit, MI  48226 |
| 810-766-5177 | (313) 967-5830 |

Dated:  June 24, 2020